UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7246-VAP (SP) | | Date | October 7, 2014 |
|---|---|---|---|---|
| Title | Kevin Deon Morgan v. E. Valenzuela, Warden | | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed**

On September 17, 2014, petitioner Kevin Deon Morgan filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his convictions and the sentence he received in Los Angeles Superior Court. In particular, on November 30, 2004, petitioner was convicted of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), making a criminal threat (Cal. Penal Code § 422), carjacking (Cal. Penal Code § 251(a)), evading an officer (Cal. Vehicle Code § 2800.2(a)), and leaving the scene of an accident (Cal. Vehicle Code § 20001(a)). Pet. at 2. On March 4, 2005, petitioner was sentenced to 93 years to life in prison. *Id.*

This court having reviewed the Petition, it appears that the Petition is subject to dismissal as a second or successive petition without the requisite Court of Appeals authorization. The court will not make a final determination regarding whether this federal Petition should be dismissed, however, without giving petitioner an opportunity to address this issue.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **October 28, 2014**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

On July 22, 2008, in case number CV 08-4784-RSWL-OP, petitioner filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7246-VAP (SP) | Date | October 7, 2014 |
|---|---|---|---|
| Title | Kevin Deon Morgan v. E. Valenzuela, Warden | | |

previous habeas petition in this court. That earlier petition raised different claims than those petitioner raises in the instant Petition, but it challenged the same convictions and sentence that petitioner challenges in the instant Petition. This court denied with prejudice petitioner's prior habeas petitioner challenging the same judgment challenged in this case, finding petitioner's claims did not merit habeas relief.

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:
- (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
- (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
- (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). If the petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In his Petition, petitioner makes no showing that the claim he raises meets either of the exceptions in § 2244(b)(2). His first claim is based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which was decided well before he filed his first federal habeas petition. His second claim asserts that his sentence under the three strikes law violated his rights under the Ex Post Facto Clause and to due process. He cites no new rule of constitutional law, and nothing indicates that the factual predicates of these claims were unknown at the time of his sentencing in 2005.

Moreover, even if petitioner's claims fall under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication that petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A). Accordingly, at a minimum, the Petition appears barred by § 2244(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7246-VAP (SP) | Date | October 7, 2014 |
|---|---|---|---|
| Title | Kevin Deon Morgan v. E. Valenzuela, Warden | | |

If petitioner contends that his claims meet one of the exceptions in 28 U.S.C. § 2244(b)(2), and that he has obtained permission from the Ninth Circuit to file a successive petition as required by § 2244(b)(3)(A), he should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **October 28, 2014**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **October 28, 2014**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice as impermissibly successive, for failure to prosecute, and/or for failure to obey court orders.**